UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISSELYS BELTRE GOMEZ,

                              Plaintiff,

                -against-

PICK A BOO DAYCARE CORP., DANILSA
REYES, an individual,

                              Defendants.

23-CV-10282 (JGLC)

**CHEEKS ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor

Standards Act ("FLSA") case. Parties may not privately settle FLSA claims absent the approval

of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796

F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022).

Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez*

*v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). In order to determine whether an

agreement is fair and reasonable under the FLSA, the Court must:

> consider the totality of circumstances, including but not limited to the following
> factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the
> settlement will enable the parties to avoid anticipated burdens and expenses in
> establishing their respective claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether 'the settlement agreement is the
> product of arm's length bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation and

quotation marks omitted).

If the settlement agreement includes a provision for attorney's fees, the Court must

"separately assess the reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60,*

*LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel

must submit evidence providing a factual basis for the [attorney's fees] award." *Wolinsky*, 900 F. Supp. 2d at 336.

The Court also must closely scrutinize any release, confidentiality or non-disparagement provisions included in a proposed settlement. *See, e.g.*, *Arango v. Scotts Co., LLC*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019); *Illescas v. Four Green Fields LLC*, No. 20-CV-9426 (RA), 2021 WL 1254252, at *1–2 (S.D.N.Y. Apr. 5, 2021); *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799 (AJN), 2018 WL 3418776, at *3 (S.D.N.Y. July 12, 2018). Therefore, it is hereby:

ORDERED that within thirty (30) days of this Order the parties provide this Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall provide this court with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues. Such letter should include, but need not be limited to, information concerning the five (5) factors identified above.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).

3

IT IS FURTHER ORDERED that, if the agreement includes a release, confidentiality or non-disparagement provision, the parties shall provide support for each provision, including citations to relevant caselaw.

The parties are also reminded that they may, if they would like to, consent to the jurisdiction of the Magistrate Judge for review and approval of the settlement if all parties agree. There are no adverse consequences for withholding consent.

Dated: May 20, 2024
        New York, New York

                                            SO ORDERED.

                                            _Jessica Clarke_
                                            _____
                                            JESSICA G. L. CLARKE
                                            United States District Judge